■ In the Matter of ROYAL GLOBE INSURANCE COMPANY, Appellant, v. KENNETH BURNS, Respondent.— In a proceeding to stay arbitration of respondent's personal injury claim, under the uninsured motorist provisions of an automobile insurance policy which was issued by petitioner, the latter appeals from an order of the Supreme Court, Westchester County, dated March 23, 1973, which denied the petition. Order reversed, without costs, and stay granted pending trial and determination of the issue of the existence of a "hit and run" vehicle, for which purposes the proceeding is remitted to Special Term. The allegations in the petition denying the existence of a "hit and run" vehicle in the accident in which respondent was injured are factual, based on a police accident report, and not insufficient as conclusory. Consequently, the proceeding must be remitted for trial of this issue (*Matter of Rosenbaum* [*American Sur. Co. of N. Y.*], 11 N Y 2d 310). Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur.

■ EVERDINA JONGERIUS et al., Respondents, v. GOOD SAMARITAN HOSPITAL, Appellant, et al., Defendant.— In a medical malpractice action, defendant Good Samaritan Hospital appeals from an order of the Supreme Court, Nassau County, dated June 6, 1973, which denied its motion to vacate plaintiffs' statement of readiness. Order modified by adding thereto a provision directing that defendant Good Samaritan Hospital may conduct a physical examination of plaintiff Everdina Jongerius within 30 days after entry of the order to be made hereon, upon five days' written notice of the time and place of the examination. As so modified, order affirmed, without costs. In an action in which recovery is sought for personal injuries the rules of the Supreme Court, Appellate Division, Second Department (22 NYCRR Part 672 — Physical Examinations and Exchange of Medical Information in Civil Actions in Any Court in the Second Department), provide that a notice fixing the time and place of a physical examination may be served by "the party to be examined or any other party" (§ 672.1). The rules further state that "no cause otherwise eligible to be noticed for trial may be noticed unless there has been compliance with this Part, or an order dispensing with compliance or extending the time therefor has been obtained; or, where the party to be examined has served a notice as provided in section 672.2, the party so served has not responded thereto" (§ 672.6). Plaintiffs' noncompliance is excused in the exercise of our discretion so long as appellant is not thereby prejudiced in its right to conduct a timely physical examination, as herein granted. Gulotta, P. J., Hopkins, Latham, Shapiro and Cohalan, JJ., concur.

■ MOSES KIRSCHNER, Respondent, v. PEERLESS IMPORTERS, INC., Appellant.— In an action for libel, defendant appeals from a judgment of the Supreme Court, Kings County, entered June 20, 1973, in favor of plaintiff, upon a jury verdict of $15,000. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The questions of fact have not been considered. The basis of the action is that defendant, a liquor wholesaler, published, pursuant to subdivision 5 of section 101-aa of the Alcoholic Beverage Control Law, a notice that plaintiff, the owner of a bar, was in default of payment for liquor, although he had not ordered the liquor from defendant. It was error for the trial court to charge the jury that it was libel *per se* to make a statement about a person which injures his financial standing and business credit. The court should have charged the jury on the subject of qualified privilege. Hopkins, Acting P. J., Martuscello, Latham, Christ and Brennan, JJ., concur.